WALSH *v.* FERGUSON.

1. MARRIAGE—COMMON-LAW MARRIAGE.

In order to constitute common-law marriage, it is necessary that the parties thereto agree presently to take each other as husband and wife, and that they continue to cohabit together thereafter in that relation.

As to sufficiency of words and conduct to constitute common-law marriage, or of circumstantial evidence to imply marriage, see annotation in L. R. A. 1915E, 60.

Cohabitation as essential to common-law marriage, see annotation in 33 A. L. R. 27.

2. SAME.

>Proof that parties lived and cohabited together as husband and wife and held themselves out to their friends and relatives as married people is insufficient to establish common-law marriage.

3. SAME.

>If parties to ceremonial marriage were not legally married because wife had former husband living from whom she was never divorced and if, on death of said former husband, the parties continued to live and cohabit together as husband and wife, such relation amounted to common-law marriage.

4. LOST INSTRUMENTS—DEEDS.

>In suit to restore a lost or destroyed deed, decree of court below in favor of plaintiff *held*, justified by the testimony.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 21, 1930. (Docket No. 110, Calendar No. 34,403.) Decided March 6, 1930. Rehearing denied June 2, 1930.

Bill by James W. Walsh against Sarah A. Ferguson, executrix of the estate of George B. Ferguson, deceased, and others to restore a lost or destroyed deed. From a decree for plaintiff, defendant executrix appeals. Affirmed.

*Atkinson, O'Brien & Clark* and *Robert J. Hanley* (*Frank W. Atkinson,* of counsel), for plaintiff.

*Walter F. Drollinger,* for defendant.

POTTER, J. Plaintiff, James W. Walsh, claiming to be the husband of Harriet P. Walsh, deceased, brought the bill of complaint herein against George B. Ferguson to restore a lost or destroyed deed of the premises in dispute from George B. Ferguson to Harriet P. Walsh. From a decree for plaintiff defendant appeals.

The case involves a question of fact. Defendant contends there was no valid marriage between Harriet P. Walsh and plaintiff. The record shows a license to marry and the performance of a mar-

riage ceremony between the parties. This is sought to be avoided on the ground that Harriet P. Walsh, prior to her marriage to plaintiff, entered into a common-law marriage with one Grant. In order to constitute a common-law marriage, it is necessary that the parties thereto agree presently to take each other as husband and wife, and that they continue to cohabit together thereafter in that relation. There is no proof of such an agreement between Mrs. Walsh and Grant. The most that can be said is that there is proof the parties lived and cohabited together as husband and wife, and held themselves out to their friends and relatives as married people —a thing generally done by those who lewdly and lasciviously cohabit together as husband and wife, to evade public obloquy, avoid criminal prosecution, and escape punishment. No divorce proceedings were had between Mrs. Walsh and Grant, who seems, after her marriage to plaintiff, to have remained on friendly terms, during the remainder of his life, with both Mrs. Walsh and plaintiff. Though we concede a common-law marriage existed between her and Grant, yet the proof shows Grant died in 1919 and thereafter plaintiff and Harriet P. Walsh lived and cohabited together as husband and wife. We think upon a review of the testimony that no common-law marriage existed between Harriet P. Walsh and Grant, and though it did exist, nevertheless, Grant having died in 1919, and the plaintiff and Harriet P. Walsh having continued to live and reside together as husband and wife, such relation amounted to a common-law marriage, and the defendant can have no rights by reason of any alleged illegality therein.

The defendant claims also that, by reason of domestic difficulties between the plaintiff and his wife, Harriet, a property settlement was entered

into, and by reason of this property settlement, the plaintiff cannot recover. It appears, however, that after this agreement was entered into, the parties continued to live and cohabit together as husband and wife, and that their marital differences were adjusted after such agreement was signed. The proof tends to support the finding of the trial court that this separation agreement, after a reconciliation, was destroyed by mutual consent, and the parties lived and cohabited together as husband and wife up until the time of her death.

It appears that a deed was made by Harriet P. Walsh to the defendant George B. Ferguson. The testimony supports the finding of the trial court that the defendant Ferguson subsequently, or as a part of the same transaction, redeeded the property to Harriet P. Walsh. The deed, after having been made and executed, was delivered to Harriet P. Walsh, and was in her possession at the time of her death. The defendant George B. Ferguson obtained the papers belonging to his sister, the wife of the plaintiff, after her death, and we think it is shown that he destroyed the deed in question. The defendant claims he paid his sister for the property, and that, having paid the consideration, it would be inequitable to restore this destroyed deed from him to his sister. We are satisfied from a careful review of the testimony that such was not the fact; that the property was the property of Mrs. Walsh at the time of her death. The trial court gave the case careful consideration, and entered a decree in favor of plaintiff in accordance with the prayer of his bill of complaint. Such decree is affirmed, with costs to plaintiff.

Wiest, C. J., and Butzel, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.